IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES, INC., SYNTHES USA HQ, INC., SYNTHES USA, LLC, SYNTHES USA SALES, LLC, and SYNTHES USA PRODUCTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN P. MAROTTA and EMERGE MEDICAL, INC., f/k/a Emerge Surgical, Inc., <br><br> Defendants. | CASE NO.: 11-1566 <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT**

Plaintiffs Synthes, Inc., Synthes USA HQ, Inc., Synthes USA, LLC, Synthes USA Sales, LLC, and Synthes USA Products, LLC (collectively, "Synthes") submit this Memorandum of Law in Support of Motion for Leave to Amend Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 15.

Synthes respectfully requests leave to amend its Complaint: (1) to conform its pleading to the additional evidence uncovered through, and as a result of, expedited and third-party discovery; (2) to plead additional claims against Defendants John P. Marotta ("Marotta") and Emerge Medical, Inc., f/k/a/ Emerge Surgical, Inc. ("Emerge"); and (3) to assert claims against additional defendants Zachary W. Stassen ("Stassen"), Eric W. Brown ("Brown"), and Charles Q. Powell ("Powell") (collectively, the "Defendants"), as well as John Does 1-10.[1]

---

[1] When Synthes advised the Court and the Defendants of its intent to seek leave to amend its Complaint at the December 20, 2011 scheduling conference, the Defendants did not appear to have any objection to a proposed amendment part. Indeed, Defendant Emerge moved for leave to supplement its Answer just before that conference.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In support of this Motion Synthes incorporates by reference the averments of the proposed Amended Complaint which is attached hereto as Exhibit "A."[2]

On March 4, 2011, Synthes filed a Verified Complaint against Defendants Marotta and Emerge, seeking equitable relief and damages for, among other things, Marotta's unlawful and deceitful conduct and violation of his contractual and fiduciary obligations to Synthes, for Marotta's and Emerge's tortious interference with Synthes' contractual relations, and unfair competition, as well as for Emerge's aiding and abetting Marotta's breach of fiduciary duty. (Docket ("Dkt.") No. 1.) Synthes' claims in the Verified Complaint concerned Marotta's and Emerge's conduct during and after Marotta's time as a Synthes employee in the creation, conception, planning, funding, development, and operation of Emerge, an entity created and structured to compete directly with Synthes in the orthopedic trauma market. (*See id.*) Marotta and Emerge filed their respective Answers and Affirmative Defenses to the Verified Complaint on April 6, 2011. (Dkt. Nos. 11-12.)

Shortly after filing its Verified Complaint, Synthes filed a Motion for Preliminary Injunction on March 9, 2011. (Dkt. No. 4.) Marotta and Emerge filed their respective responses on May 20, 2011. (Dkt. Nos. 15-16.) The Court scheduled a preliminary injunction hearing and ordered the completion of related discovery on an expedited basis by June 13, 2011. (*See* Dkt. No. 14.) Before the close of expedited discovery, the parties discussed the issue of Synthes' amending its Verified Complaint to include additional claims against Defendants Marotta and Emerge as well as the inclusion of additional party defendants. However, because the parties

---

[2] Synthes is not at liberty to state publicly all the additional facts that have been discovered since the filing of the Verified Complaint because some of this information has been designated "Attorneys' Eyes Only" or "Confidential" pursuant to the parties' confidentiality agreement.

were on track toward a preliminary injunction hearing, Synthes agreed to proceed with the litigation as scheduled. The preliminary injunction hearing was postponed on several occasions, most recently after the Court directed the parties to engage in settlement discussions before Magistrate Judge Timothy R. Rice. The parties attended three settlement conferences before Magistrate Judge Rice (*see* Dkt. Nos. 23-24, 27 (Minute Entries for Settlement Conferences) but on December 1, 2011, counsel for the parties reported during a telephone status conference with Magistrate Judge Rice that they had been unable to reach a settlement.

On December 20, 2011, the parties participated in a scheduling conference with the Court to discuss the continuation of the litigation and scheduling issues. During this conference, Synthes advised Defendants and the Court of its intent to seek leave to amend its Complaint. The Defendants did not appear to have any objection to Synthes' proposed amendment, particularly given that Emerge's counsel filed a Motion seeking leave to supplement its Answer to assert counterclaims the evening before the conference. (*See* Dkt. No. 31.)[3][4] Subsequent to the December 20, 2011 scheduling conference, this Court issued an Order withdrawing Synthes' Motion for Preliminary Injunction, and, among other things, setting a schedule for the completion of fact discovery and a full trial on the merits. (Dkt. No. 36.)

When Synthes filed the Verified Complaint, Synthes' claims were based on the information resulting from Synthes' own investigation regarding Marotta's violations of his fiduciary and contractual obligation to Synthes through the conception, development, and

---

[3] Should the Court grant the Motion for Leave to Amend Plaintiffs' Complaint and permit the filing of Synthes' Amended Complaint, Emerge's Motion for Leave to Supplement its Answer will become moot, and Emerge will be required to file its Answer to Synthes' Amended Complaint, along with any affirmative defenses or counterclaims, in the time period provided by the Federal Rules of Civil Procedure. For that reason, Synthes and Emerge have stipulated to suspend the deadline for Synthes to respond to Emerge's motion for leave.

[4] In this Motion, Emerge's newly-engaged counsel indicated that Emerge's prior counsel would be withdrawing their appearance on behalf of Emerge, (*id.* at ¶ 6), and they did so that same date (Dkt. Nos. 32-33).

operation of Emerge, as well as Marotta's and Emerge's related tortious conduct. Most of the evidence of Marotta's and Emerge's conduct, however, was deliberately concealed from Synthes and was only uncovered in discovery in this case. The Amended Complaint: (1) conforms the original pleading to the more developed record in this case; (2) adds claims against the existing Defendants based on information uncovered in discovery to date; and (3) asserts claims against additional individuals with direct involvement in Marotta's covert scheme and violations of legal obligations and with Emerge's unlawful conduct.

In conforming its pleading to this additional evidence, Synthes asserts additional claims against Marotta and Emerge and to join Brown, Stassen, and Powell as additional parties to the action, given that their conduct arises out of the same series of transactions and occurrences. Synthes also names various "John Doe" defendants to account for other individuals and entities whose precise identities remain unknown at this point in time but who have acquired, used, or disclosed, or participated in the acquisition, use, or disclosure of, Synthes' products or Synthes' confidential, sensitive, proprietary, or trade secret information.[5] Amendment will permit the web of deceit and unlawful conduct that led to Emerge's creation and that have fueled Emerge's operations from its beginning to be litigated within the scope of this action, and for Synthes to seek and obtain justice and redress for that conduct within the scope of this action.

The specific claims Synthes seeks to amend are based on the following:

- Marotta's and Brown's conduct in violation of their contractual and fiduciary obligations to Synthes and related fraud;

---

[5] Synthes identification of such fictitious defendants in the proposed Amended Complaint is appropriate under the circumstances. *See* 2 Moore's Federal Practice § 10.02 (Matthew Bender 3d ed.2011) ("A complaint or other affirmative pleading may name an unknown defendant by using a "John Doe" appellation or other description if the plaintiff has been unable to ascertain the real identity of the defendant."); 5A CHARLES A. WRIGHT, ARTHUR R. MILLER, MAY KAY KANE, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 1321 (3d ed. 2004) (noting that most federal courts allow the use of a fictitious name "so long as it appears that the plaintiff will be able to obtain that information through the discovery process").

- Powell's related violations of his contractual obligations to Synthes;

- Marotta's, Brown's, Stassen's, and Emerge's conduct in aiding and abetting Marotta's and Brown's breaches of fiduciary duty;

- The Defendants' tortious interference with Synthes' contracts and relationships with its customers, vendors, and current and former employees;

- The Defendants misappropriation and theft of Synthes' sensitive, confidential, proprietary, and trade secret information and Synthes product later used by Emerge for reverse engineering, including through the Defendants' unauthorized access to Synthes' computer systems;

- Marotta's, Powell's, Stassen's, and Emerge's false advertising in violation of the Lanham Act; and

- Marotta's, Powell's, Stassen's, and Emerge's unfair competition.

Based on the foregoing and the argument set forth more fully below, Synthes should be permitted to amend its Complaint. Permitting Synthes to file the Amended Complaint will not only enable it to conform its pleading to the current evidentiary record, it will promote judicial efficiency and provide Synthes with more complete relief.

## II.     ARGUMENT

### A.     Motions for Leave to File an Amended Complaint Are Liberally Granted under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2). Although the grant or denial of an opportunity to amend is within the discretion of the district court, courts "should freely give leave when justice so requires." *Id.*; *see also Forman v. Davis,* 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given . . .'; this mandate is to be

heeded."); *Shane v. Fauver*, 213 F.2d 113, 115 (3d Cir. 2000) (quoting *Forman* and noting that, "although the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.") (internal quotations omitted); *Bolden v. Pa. Bureau of Prisons*, No. 11-0467, 2011 U.S. Dist. LEXIS 120593, at *6-7, 16-17 (E.D. Pa. Oct. 19, 2011) (Buckwalter, S.J.) (granting motion for leave to file second amended complaint under Rule 15(a), noting that, pursuant to Rule 15(a), leave to amend should be freely granted "when justice so requires"). Rule 15(a) amendments are appropriate not only to add substantive allegations against existing defendants but also to add additional parties to the action. *See, e.g.*, *Harben v. Amer Sports Co.*, No. 10-2284, 2010 U.S. Dist. LEXIS 129931, at *16 (E.D. Pa. Dec. 8, 2010) (Buckwalter, S.J.) (granting plaintiffs' motion for leave to amend complaint to join additional party defendant under Rule 15(a) where joinder of the additional party would not be futile or unduly prejudice defendants). Indeed, "[m]otions to amend under Rule 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action." *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (citing Wright, Miller & Kay, Federal Practice and Procedure: Civil 2d § 1474 (1990)).

"Rule 15(a) complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically and by granting the court broad discretion to allow amendments to be made to the pleadings after that period has expired." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, & RICHARD

L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1473 (3d ed. 2011).  In the Third Circuit, amendments under Rule 15 are liberally allowed in order to ensure that claims will be decided on the merits rather than on technicalities.  *See Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990).  Indeed, the Supreme Court has held that amendments should be allowed "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  *Foman*, 371 U.S. at 182.  Accordingly, a district court may deny leave to amend a pleading only where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  *Harben*, 2010 U.S. Dist. LEXIS 129931, at *9 (Buckwalter, S.J.) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).  Absent such a showing, amendments should be freely granted.  *Forman*, 371 U.S. at 182; *see also Harben*, 2010 U.S. Dist. LEXIS 129931, at *16 (Buckwalter, S.J.) (granting motion for leave to amend complaint under Rule 15(a) where joinder of additional party would not be futile or unduly prejudice defendants)

In addition to the amendments permitted under Rule 15(a), Rule 15(d) allows a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FED. R. CIV. P. 15(d).  The same liberal standards governing motions for leave to amend under Rule 15(a) govern motions for leave to supplement under Rule 15(d).  *See Thomas v. SmithKline Beecham Corp.*, No. 00-2948, 2002 U.S. Dist. LEXIS 17328, at *5 (E.D. Pa. Sept. 5, 2002) (citing *Wolfson*, 168 F.R.D. at 532); *see also* 3 MOORE'S FEDERAL PRACTICE § 15.30 (Matthew Bender 3d ed. 2011).  As a result, a

request to file a supplemental pleading under Rule 15(d) "should be granted freely when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action." *Consulnet Computing, Inc. v. Moore*, No. 04-3485, 2007 U.S. Dist. LEXIS 16937, at *7 (E.D. Pa. Mar. 8, 2007) (granting motion for leave to serve supplemental pleading under Rule 15(d) where there was no evidence of prejudice or any other justification for denying leave); 6A CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed. 2010).

  In accordance with the liberal spirit of granting amendments and supplemental pleadings under Rules 15(a) and (d), as well as the complimentary liberal pleading and joinder provisions of the federal rules, this Court should grant Synthes leave to file the Amended Complaint because the facts and evidence that Marotta and Emerge deliberately concealed from Synthes, but which Synthes has uncovered during the course of discovery in this case, are connected to the conduct at issue in this action surrounding Marotta's violations of his contractual and fiduciary obligations to Synthes through the creation and operation of Emerge and Marotta's and Emerge's tortious conduct since that time.  Furthermore, the conduct that Synthes seeks to place at issue arises from the same series of transactions and occurrences as alleged in the previously-filed Verified Complaint and involves questions of law and fact common to all defendants. Indeed, the proposed amendments simply seek to conform the original pleading to the current record by adding claims against the existing Defendants as well as asserting claims against additional individuals with direct involvement in Marotta's and Emerge's unlawful conduct.

  In addition, as set forth more fully below, none of the grounds to deny amendment under Rule 15 are present here.  There has been no undue delay, bad faith, or dilatory motives on

Synthes part. Synthes brought this Motion only after it had obtained and processed key information during the course of discovery, after the parties' attempted settlement negotiations failed, and after Synthes' motion for preliminary injunctive relief had been withdrawn and the then-pending preliminary injunction hearing canceled in favor of an October 2012 trial on the merits.

Nor is Synthes' Amended Complaint futile or unduly prejudicial. The Amended Complaint states valid claims against the existing defendants and the additional parties to be joined, and there can be no prejudice, let alone undue prejudice, given that the conduct and individuals at issue in the Amended Complaint are directly related to the allegations in the Verified Complaint and are derived exclusively from discovery obtained in connection with Synthes' motion for preliminary injunction. Perhaps more important, the conduct and individuals at issue in the Amended Complaint are well known to the Defendants, making the Defendants fully aware of the likelihood that Synthes would be amending its Verified Complaint. There is no surprise.

### B. Synthes Has Not Unduly Delayed in Seeking to Amend the Verified Complaint, Nor Has It Operated in Bad Faith Or with any Dilatory Motive.

The question of undue delay and bad faith requires the court to focus on Synthes' motives for not amending its complaint at an earlier point in time. *See Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Here, the record evidence demonstrates neither undue delay nor bad faith on the part of Synthes sufficient to deny the Motion for Leave to File Plaintiffs' Amended Complaint.

"The passage of time, without more, does not require that a motion to amend a complaint be denied." *Id.*; *see also J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614-15 (3d Cir. 1987) (granting plaintiff's motion for leave to amend its complaint where there was no basis

for labeling plaintiff's delay in the amendment of its complaint "undue"); *Romero v. Allstate Ins. Co.*, No. 013894, 2010 U.S. Dist. LEXIS 76050, at *15-45 (E.D. Pa. July 28, 2010) (Buckwalter, S.J.) (granting plaintiffs' motion for leave to amend and refusing to find that plaintiffs engaged in any undue delay with regard to the proposed amendments).

The determination of whether delay is "undue" depends on the facts and circumstances of the case and requires consideration of the movant's reasons for not amending sooner, while bearing in mind the liberal spirit of the rule. *Romero*, 2010 U.S. Dist. LEXIS 76050, at *16-17. Indeed, courts will permit amendments to a party's complaint even when summary judgment motions have been filed, additional discovery is necessary, or the case is nearing trial. *Adams*, 739 F. 2d at 869 ("Since amendment of a complaint is not unusual at the summary judgment phase . . . we would not characterize plaintiff's failure to amend their complaint earlier as 'undue delay.'"); *Mamiye*, 813 F. 2d at 615 (granting plaintiff's motion for leave to file amended complaint where plaintiff filed the proposed amendments after the parties' filed their cross-motions for summary judgment); *Thompson v. Glenmede Trust Co.*, No. 92-5233, 1994 U.S. Dist. LEXIS 16839, at *10 (E.D. Pa. Nov. 22, 1994) ("Although plaintiff admits the case is nearly ready for trial, it is not unduly prejudicial for the plaintiff to seek leave to amend at the summary judgment phase."); *see also Perry v. Bucks County*, No. 98-3955, 1999 U.S. Dist. LEXIS 4773, at *2-3 (E.D. Pa. Apr. 5, 1999) (permitting amendments to plaintiff's complaint after close of discovery and listing for trial because neither prejudice nor undue delay would result given that the court granted a sixty-day extension for discovery so that the parties could obtain additional discovery of any issues arising from the amendments).

As noted by Emerge in its Motion for Leave to Supplement its Answer to Synthes' Counterclaims, there is no undue delay or unfair prejudice because adequate time still remains

before trial. (Dkt. No. 31 at ¶ 14.) In this case, the Court has set a deadline of April 4, 2012 for fact discovery, providing the parties with ample time to conduct discovery concerning the issues arising from Synthes' Amended Complaint. Furthermore, trial is not scheduled to commence for more than nine months. (*See* Dkt. No. 36 (scheduling trial for October 15, 2012).) Similarly, there is no factual support that Synthes' delay in amending the Verified Complaint was in bad faith or with dilatory motive. Synthes has acted in good faith in seeking leave to amend the Verified Complaint. Synthes only recently learned through the course of, and as a result of, expedited and third-party discovery many of the facts supporting the new allegations in the Amended Complaint, despite the Defendants attempts to conceal this evidence. Synthes did not file an Amended Complaint earlier because the parties were on track toward a preliminary injunction hearing that has since been canceled and because the parties were engaged in month's long, Court-ordered settlement negotiations. Immediately upon the cessation of settlement negotiations, Synthes advised the Court and counsel for Marotta and Emerge at the December 20, 2011 scheduling conference of Synthes' intent to file a motion for leave to amend the Verified Complaint. As a result, the Court should grant the Motion for Leave to Amend Plaintiffs' Complaint.

   **C.** **Synthes' Motion for Leave to File Its Amended Complaint Cannot be Denied on Grounds of Futility.**

  The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487. As a result, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Romero*, 2010 U.S. Dist. LEXIS 76050, at *12 (Buckwalter, S.J.) (citation omitted). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Id.* "Under this standard, a court must take all the well

11

pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Logan v. In-Ter-Space Servs., Inc.*, No. 07-0761, 2007 U.S. Dist. LEXIS 59632, at *10-13 (E.D. Pa. Aug. 15, 2007) (granting plaintiff's motion for leave to file amended complaint where the claims contained in the proposed amended complaint satisfied the requirements of Rule 12(b)(6)). In the Third Circuit, only when the proposed amended pleading would not withstand a motion to dismiss may the trial court deny leave to amend on grounds of futility. *Massarsky v. Gen. Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983); *see also Romero*, 2010 U.S. Dist. LEXIS 76050 (refusing to deny motion for leave to amend on the grounds of futility where claims were sufficient to withstand requirements of Rule 12(b)(6)); *Whaumbush v. City of Phila.*, No. 09-06066, 2011 U.S. Dist. LEXIS 39933, at *5-6 (E.D. Pa. Apr. 12, 2011) (Buckwalter, S.J.) (denying motion for leave to amend on grounds of futility where plaintiffs failed to state a claim sufficient to withstand the requirements of Rule 12(b)(6)).

In this case, futility cannot provide a basis for denying the Motion for Leave to Amend Plaintiffs' Complaint. Each of Synthes' proposed claims is well-pleaded and, when viewed in the light most favorable to Synthes, states a claim upon which relief may be granted. Neither Marotta nor Emerge can satisfy the heavy burden to oppose Synthes' amendments as futile. Accordingly, the Court should grant Synthes' Motion.

      **D.**    **Granting Synthes' Motion for Leave to File Its Amended Complaint Will Not Unduly Prejudice Defendants Marotta Or Emerge in Any Way.**

Similarly, Marotta and Emerge cannot demonstrate any prejudice as a result of Synthes' Amended Complaint. The burden is on defendants to show that they would be unduly prejudiced by the amendment. *Harben*, 2010 U.S. Dist. LEXIS 129931, at *13-14 (Buckwalter, S.J.). To satisfy this burden, the non-moving party must do more than merely claim that it is prejudiced by

the proposed amendment. *Id.* at *13. Rather, prejudice means that the non-moving party must demonstrate that it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the allegations in the amended complaint been timely made." *Id.* (internal quotations and citations omitted). In the absence of any bad faith or other wrongful conduct on the part of the moving party, a non-movant must demonstrate that its ability to present its case would be seriously and unfairly impaired if the amendment were allowed. *See Dole,* 921 F.2d at 488-89 ("[T]o make the required showing of prejudice, regardless of the stage of the proceeding, Arco is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed"). Notably, "even when a proposed amended complaint adds substantive allegations against a defendant or adds parties related to the defendant, where the evidence required to meet these new allegations is substantially similar to that which was originally required, prejudice does not exist." *Harben*, 2010 U.S. Dist. LEXIS 122931, at *14 (internal quotations and citations omitted).

The same principles apply here, and there is no risk of undue prejudice to Marotta and Emerge. First, the proposed Amended Complaint has been submitted immediately following the parties' failed settlement negotiations and the Court's December 21, 2011 Scheduling Order setting trial for October 15, 2012. Second, neither Marotta nor Emerge will be unfairly disadvantaged or deprived of an opportunity to present their case. Indeed, as recognized by Emerge in its own request for leave to amend its Answer to Synthes' Verified Complaint, there is adequate time to conduct discovery in this matter. (*See* Dkt. No. 31 at ¶ 14.) Furthermore, the Amended Complaint will not alter the course of proceedings, as the evidence required to meet these new allegations is substantially similar to and derivative of that which was originally required and which, importantly, involves information only recently learned during discovery.

In short, Marotta and Emerge will suffer no undue prejudice from the Court's grant of leave for Synthes to file the Amended Complaint attached hereto as Exhibit A, and, therefore, the Court should grant Synthes' Motion.

### III. CONCLUSION

For the foregoing reasons, Synthes respectfully requests that the Court enter an Order in the form attached hereto granting the Motion for Leave to Amend Plaintiffs' Complaint.

Respectfully submitted,

Dated:  January 11, 2012          **BLANK ROME LLP**

 _s/ *Anthony B. Haller*_____
Anthony B. Haller
Identification No. 37017
Michael P. Broadhurst
Identification No. 80906
Kevin M. Passerini
Identification No. 203169
One Logan Square
Philadelphia, PA  19103
(t) (215) 569-5690/5438/5466
(f) (215) 832-5690/5438/5466
haller@blankrome.com
broadhurst@blankrome.com
passerini@blankrome.com

*Attorneys for Plaintiffs Synthes, Inc., Synthes USA HQ, Inc., Synthes USA, LLC, Synthes USA Sales, LLC, and Synthes USA Products, LLC*