IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES, INC., SYNTHES USA HQ, INC., SYNTHES USA, LLC, SYNTHES USA SALES, LLC, and SYNTHES USA PRODUCTS, LLC, | : : : : | |
| Plaintiffs, | : : : | CIVIL ACTION |
| v. | : : | NO. 11-1566 |
| EMERGE MEDICAL, INC., JOHN P. MAROTTA, ZACHARY W. STASSEN, ERIC BROWN, and CHARLES Q. POWELL | : : : : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this *19th* day of *September*, 2012, upon consideration of Defendant Charles Q. Powell's Motion to Dismiss Plaintiffs' Amended Complaint in Part (Docket No. 60), the Response of Plaintiffs Synthes, Inc., Synthes USA HQ, Inc., Synthes USA, LLC, Synthes USA Sales, LLC, and Synthes USA Products, LLC (collectively "Synthes") (Docket No. 69), Defendant Powell's Reply Brief (Docket No. 76), Synthes's Sur-Reply Brief (Docket No. 81), Defendant Powell's Supplemental Reply Brief (Docket No. 87), and Synthes's Supplemental Sur-Reply Brief (Docket No. 95), it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. With respect to Plaintiffs' claim of fraud (Count XI), Defendant Powell's Motion is **GRANTED** and the claim of fraud is **DISMISSED WITHOUT PREJUDICE** only as to Defendant Powell.

2. With respect to Plaintiffs' claim of tortious interference with contract (Count III), Defendant Powell's Motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:

      a.      To the extent the claim alleges that Powell interfered with Synthes's contractual relationships with current and former Synthes employees by soliciting them to leave Synthes's employment or accept employment elsewhere, Powell's Motion to Dismiss is **GRANTED** and the claim is **DISMISSED** as to Defendant Powell;

      b.      To the extent the claim alleges either (i) solicitation of Synthes employees for any other purpose other than that set forth in subsection (a) above; or (ii) interference with Synthes's contractual relationships with its vendors, Powell's Motion to Dismiss is **DENIED**;

      c.      To the extent the claim alleges tortious interference with Synthes's relationships with its customers, Powell's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

3. With respect to Plaintiffs' claim of civil conspiracy (Count XII), Defendant Powell's Motion is **GRANTED** and the claim is **DISMISSED** as to Defendant Powell.

4. The remainder of Defendant Powell's Motion to Dismiss is **DENIED**.

It is so **ORDERED**.

                                          BY THE COURT:

                                          _s/ Ronald L. Buckwalter_
                                          RONALD L. BUCKWALTER, S.J.