IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES INC.; SYNTHES USA HQ, INC.; SYNTHES USA, LLC; SYNTHES USA SALES, LLC; SYNTHES USA PRODUCTS, LLC,<br><br>    Plaintiffs<br><br>v.<br><br>JOHN P. MAROTTA and EMERGE MEDICAL, INC.,<br><br>    Defendants. | Civil Action No.:  2:11-cv-01566-RB |

## **ORDER**

AND NOW this_____ day of _____, 2013, upon consideration of Moving Counsel, DAVID P. HELWIG, ESQUIRE, BENJAMIN J. TURSI and the law firm of MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.'s Motion to Withdraw as counsel for Defendant John P. Marotta's and finding that good cause exists, it is hereby ORDERED and DECREED that said Motion is GRANTED.

BY THE COURT

_____
Ronald J. Buckwalter, J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES INC.; SYNTHES USA HQ, INC.; SYNTHES USA, LLC; SYNTHES USA SALES, LLC; SYNTHES USA PRODUCTS, LLC,<br><br>　　　　Plaintiffs<br><br>v.<br><br>JOHN P. MAROTTA and EMERGE MEDICAL, INC.,<br><br>　　　　Defendants. | Civil Action No.:  2:11-cv-01566-RB |

## MOTION TO WITHDRAW APPEARANCE

Moving Counsel, David P. Helwig, , Benjamin J. Tursi and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly (hereinafter the "Firm"), respectfully move this Court, pursuant to Local Rule 5.1(c), for leave to withdraw as counsel to Defendant John P. Marotta ("Marotta") in the above-captioned matter and in support thereof, avers as follows:

1. The above referenced matter was filed March 4, 2011 and Defendant Marotta was represented initially by Paul J. Greco of Conrad O'Brien P.C.

1. On February 29, 2012 Mr. Greco withdrew his appearance and Moving Counsel, David P. Helwig of the law firm Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. subsequently entered his appearance for Defendant Marotta.

2. On March 13, 2012 Moving Counsel, Benjamin J. Tursi of the law firm Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. entered his appearance for Defendant Marotta.

3. EMERGE Medical, Inc., a Co-Defendant in this lawsuit, has been represented by the law firm of Kaufman, Dolowich, Voluck & Gonzo, LLP since December, 2011.

{PH622292.1}

4. Defendant Marotta has been CEO of EMERGE Medical Inc. at all times relevant to this Motion.

5. Defendant Marotta's personal attorney fees as well as EMERGE Medical Inc.'s fees were to be covered by Monitor Liability Managers, LLC ("Monitor") until their policy limits were exhausted.

6. On October 2, 2012 Defendant Marotta met with one of the managing partners, Dawn Courtney Doherty of Moving Counsels' law firm Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. to discuss a Fee Agreement if/when Monitor's policy was exhausted.

7. On the morning of October 2, 2012, before arriving at Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Defendant Marotta called a junior member of Moving Counsels' defense team Benjamin J. Tursi, without the knowledge of Moving Counsel or Ms. Doherty, to get Mr. Tursi's opinion on Ms. Doherty and what contributions she would be making to his continued defense.

8. The October 2, 2012 meeting went forward and Defendant Marotta and Ms. Doherty discussed the need to have a written agreement in place regarding legal services and fees by the time Monitor's policy limits were exhausted.  Mr. Marotta advised that the Board of Directors of EMERGE Medical, Inc. had already agreed that EMERGE would be responsible for Mr. Marotta's legal fees and expenses after the coverage provided by Monitor's policy was exhausted.  At that meeting, Mr. Marotta and Carla Newman, Chief Operating Officer of EMERGE agreed to review the proposed agreement as soon as received and get back to Attorney Doherty.

9. On October 31, 2012 Attorney Doherty sent a letter to Defendant Marotta to memorialize the agreement that once Monitor's policy was exhausted EMERGE Medical, Inc.

{PH622292.1}

would be responsible for satisfying the legal fees of Defendant Marotta and Defendant Marotta as CEO of EMERGE Medical, Inc. was to authorize this agreement.

10. Included in the letter dated October 31, 2012 was a request to provide an agreed upon retainer against which fees would be billed on or about December 1, 2012.

11. Several requests have been made to Mr. Marotta for an executed Fee Agreement. Per Mr. Marotta's request, several revisions were made to the initial proposed Agreement.

12. As of this date Monitor's policy has been exhausted and Defendant Marotta has not responded to Movants' letter and EMERGE Medical, Inc. has yet pay the retainer or any legal fees incurred on Defendant Marotta's behalf.

13. Since the October 2, 2012 meeting Defendant Marotta has contacted attorneys within Moving Counsels' law firm individually in order to elicit views from them which were at odds with the request that EMERGE Medical, Inc. enter into a Fee agreement to ensure payments of legal fees and expenses incurred in defending Mr. Marotta team, with the apparent purpose of generating inconsistent statements within the Firm as to validity of the Fee Agreement request.

14. Despite numerous e-mails regarding the legal services and Fee Agreement, its specific wording and intent, the Firm believed Mr. Marotta was going to execute the Agreement and pay the retainer and he never indicated he would not.

15. When finally pressed after the first of this year to respond, Mr. Marotta both delayed communicating and when urgently pressed to give Moving Counsels the basis for delay, disclosed he had no intention of paying the requested Retainer Fee or signing a Fee Agreement.

16. Thus, in culmination of a series of e-mail exchanges on January 18, 2013 between Mr. Marotta, Attorney Doherty and other attorneys at Marks, O'Neill, O'Brien, Doherty

& Kelly, P.C., Mr. Marotta specifically indicated for the first time that he would not sign the Fee Agreement and he would not tender the retainer fee to the Firm, which has been requested since the October 2, 2012 meeting. Although Mr. Marotta also stated that "we" would pay the Firm's bills, that undertaking seems highly unlikely to be fulfilled in light of the subsequent communications from Mr. Marotta set forth below.

17. As a result of Defendant Marotta's refusal to respond and sign the Fee Agreement letter and pay the agreed upon retainer, Moving Counsels and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. will face significant challenges in developing/moving forward with the case and working on Mr. Marotta's defense as a united team without conflicting interests.

18. By e-mail to David P. Helwig dated January 28, 2013, Mr. Marotta stated that he had not heard from Mr. Helwig or the Firm "in weeks". Mr. Marotta's assertion was completely erroneous.

19. By e-mail to David P. Helwig dated February 7, 2013, Mr. Marotta questioned the adequacy and timeliness of the Firm's representation.

20. By email to David P. Helwig dated February 7, 2013, Mr. Marotta threatened to take alleged conduct of the Firm, including the two attorneys who have appeared on his behalf, "to the appropriate boards."

21. Mr. Marotta's refusal to make satisfactory arrangements for payment of legal fees and expenses incurred on his behalf, his communications with Firm attorneys other than Ms. Doherty in derogation of the Firm's request that a Fee Agreement be executed, and his evident dissatisfaction with the services provided by the Firm has caused a breakdown of the relationship

between Mr. Marotta, the Firm and the Moving Counsels, such that the Firm's continued representation of Mr. Marotta is impossible.

22.     For the foregoing reasons, Moving Counsel, David P. Helwig, Esquire, Benjamin J. Tursi and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly , request to be permitted to withdraw from representing John P. Marotta.

**WHEREFORE**, Moving Counsels and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., respectfully requests that this Honorable Court grant it permission to withdraw as counsel of record in the above-captioned matter.

Respectfully submitted,

  /s/  David P. Helwig
        David P. Helwig, Esquire
        PA I.D. #26404

  /s/  Benjamin J. Tursi
        Benjamin J. Tursi, Esquire
        PA I.D. #206999
        **MARKS, O'NEILL, O'BRIEN,
        DOHERTY & KELLY, P.C.**
        2600 Gulf Tower, 707 Grant Street
        Pittsburgh, PA 15219
        Phone:  412-391-6171
        Fax:  412-391-8804
        dhelwig@moodklaw.com
        btursi@moodklaw.com

Dated:  February 8, 2013

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES INC.; SYNTHES USA HQ, INC.; SYNTHES USA, LLC; SYNTHES USA SALES, LLC; SYNTHES USA PRODUCTS, LLC,<br><br>    Plaintiffs<br><br>v.<br><br>JOHN P. MAROTTA and EMERGE MEDICAL, INC.,<br><br>    Defendants. | Civil Action No.: 2:11-cv-01566-RB |

**BRIEF IN SUPPORT OF MOTION OF COUNSEL FOR DEFENDANT JOHN P. MAROTTA FOR LEAVE TO WITHDRAW**

**I.      INTRODUCTION AND RELEVANT BACKGROUND**

Moving Counsel, David P. Helwig, Esquire, Benjamin J. Tursi and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly (hereinafter the "Firm"), respectfully moves this Court, pursuant to Local Rule 5.1(c), for leave to withdraw as counsel to Defendant John P. Marotta ("Marotta"). As set forth below, Mr. Marotta has refused to execute a Fee Agreement with the Firm and further, has refused to tender a retainer, as set forth in the Fee Agreement presented to Mr. Marotta in October of 2012. Consequently, the firm risks a significant financial burden if the representation continues and there has been an irreconcilable breakdown of the relationship between Moving Counsels, the Firm and Mr. Marotta.

This matter arises from an alleged breach of contract action filed against Defendant Marotta by his former employer Synthes. Plaintiffs contend that Mr. Marotta, a former Synthes Sales Associate and Regional Manager, breached his fiduciary and contractual obligations to Synthes by forming a medical device company called Emerge Medical, Inc. Plaintiffs assert that

{PH622292.1}

Mr. Marotta misappropriated trade secrets and confidential information regarding Synthes' products. Plaintiffs claim that Mr. Marotta's alleged breaches caused damage to their business and their relationships with customers, vendors and former and current employees. Discovery is ongoing and no date for trial has been set by this Court. Moving Counsel and the Firm expect that there is significant work necessary to prepare this matter for trial on behalf of Mr. Marotta including extensive continued discovery and motions practice which will result in significant legal expenses.

The above referenced matter was filed March 4, 2011 and Defendant Marotta was represented initially by Paul J. Greco of Conrad O'Brien P.C. On February 29, 2012 Mr. Greco withdrew his appearance and Moving Counsel, David P. Helwig of the law firm Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. subsequently entered his appearance for Defendant Marotta. On March 13, 2012 Moving Counsel, Benjamin J. Tursi of the law firm Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. entered his appearance for Defendant Marotta.EMERGE Medical, Inc., a Co-Defendant in this lawsuit, has been represented by the law firm of Kaufman, Dolowich, Voluck & Gonzo, LLP.

Defendant Marotta has been CEO of EMERGE Medical Inc. at all times relevant to this Motion. Defendant Marotta's personal attorney fees as well as EMERGE Medical Inc.'s fees were to be covered by Monitor Liability Managers, LLC ("Monitor") until their policy limits were exhausted. On October 2, 2012 Defendant Marotta was to meet with one of the managing partners, Dawn Courtney Doherty of Moving Counsels' law firm Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., to discuss a Fee Agreement if/when Monitor's policy was exhausted. On the morning of October 2, 2012, before arriving at Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Defendant Marotta called a junior member of Moving Counsels' defense team Benjamin J.

Tursi, without the knowledge of Moving Counsel or Ms. Doherty, to get Mr. Tursi's opinion on Ms. Doherty and what contributions she would make to his continued defense. The October 2, 2012 meeting went forward and Defendant Marotta and Ms. Doherty discussed the need to have a written agreement in place regarding legal services and fees by the time Monitor's policy limits were exhausted. Mr. Marotta advised that the Board of Directors of EMERGE Medical, Inc. had already agreed that EMERGE would be responsible for Mr. Marotta's legal fees and expenses after the coverage provided by Monitor's policy was exhausted. At that meeting, Mr. Marotta and Carla Newman, Chief Operating Officer of EMERGE agreed to review the proposed agreement as soon as received and get back to Attorney Doherty.

On October 31, 2012 Attorney Doherty sent a letter to Defendant Marotta to memorialize the agreement that once Monitor's policy was exhausted EMERGE Medical, Inc. would be responsible for satisfying the legal fees of Defendant Marotta and Defendant Marotta as CEO of EMERGE Medical, Inc. was to authorize this agreement. Included in the letter dated October 31, 2012 was a request to provide an agreed upon retainer against which fees would be billed on or about December 1, 2012. Several requests have been made to Mr. Marotta for an executed Fee Agreement. Per Mr. Marotta's request, several revisions were made to the initial proposed Agreement. As of this date Monitor's policy has been exhausted and Defendant Marotta has not responded to Movants' letter and EMERGE Medical, Inc. has yet pay the retainer or any legal fees incurred on Defendant Marotta's behalf.

Since the October 2, 2012 meeting Defendant Marotta has contacted attorneys within Moving Counsels' law firm individually in order to elicit views from them which were at odds with the request that EMERGE Medical, Inc. enter into a Fee agreement to ensure payments of

{PH622292.1}

legal fees and expenses incurred in defending Mr. Marotta team, with the apparent purpose of generating inconsistent statements within the Firm as to validity of the Fee Agreement request.

Despite numerous e-mails regarding the legal services and Fee Agreement, its specific wording and intent, the Firm believed Mr. Marotta was going to execute the Agreement and pay the retainer and he never indicated he would not. When finally pressed after the first of this year to respond, Mr. Marotta both delayed communicating and when urgently pressed to give Moving Counsels the basis for delay, disclosed he had no intention of paying the requested Retainer Fee or signing a Fee Agreement. Thus, in culmination of a series of e-mail exchanges on January 18, 2013 between Mr. Marotta, Attorney Doherty and other attorneys at Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Mr. Marotta specifically indicated for the first time that he would not sign the Fee Agreement and he would not tender the retainer fee to the Firm, which has been requested since the October 2, 2012 meeting. Although Mr. Marotta also stated that "we" would pay the Firm's bills, that undertaking seems highly unlikely to be fulfilled in light of the subsequent communications from Mr. Marotta set forth below.

As a result of Defendant Marotta's refusal to respond and sign the Fee Agreement letter and pay the agreed upon retainer, Moving Counsels and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. will face significant challenges in developing/moving forward with the case and working on Mr. Marotta's defense as a united team without conflicting interests. By e-mail to David P. Helwig dated January 28, 2013, Mr. Marotta stated that he had not heard from Mr. Helwig or the Firm "in weeks". Mr. Marotta's assertion was completely erroneous. By e-mail to David P. Helwig dated February 7, 2013, Mr. Marotta questioned the adequacy and timeliness of the Firm's representation. By e-mail to David P. Helwig dated February 8, 2012,

{PH622292.1}

Mr. Marotta threatened to take alleged conduct of the Firm, including the two attorneys who have appeared on his behalf, "to the appropriate boards."

As of this date Monitor's policy has been exhausted and Defendant Marotta has not responded to the Firm's letter and EMERGE has yet pay the retainer fee.  Moreover, since the October 02, 2012 meeting Defendant Marotta has continued to contact attorneys within the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., individually in order to play them against each other and EMERGE's counsel in order to create disunity and disharmony on the defense team.

## II.   LEGAL ARGUMENT

Under this Court's Local Rules, withdrawal of counsel is permitted with leave of court. See Local Rule of Civil Procedure 5.1(c).  Moreover, the Pennsylvania Rules of Professional Conduct, which are expressly adopted by this Court through Local Rule 83.6, specifically provide for attorney withdrawal when, as here, a client breaches an obligation as to expenses or fees, fails to fulfill an obligation to the lawyer  or where representation has been rendered unreasonably difficult.  See Pa. R.P.C. 1.16(b)(5), (6), & (7).  As set forth above, the Firm has repeatedly approached Mr. Marotta to execute an agreed to Fee Agreement, which he previously indicated he would agree to.  However, after repeated attempts to have the Agreement signed and to collect the retainer, Mr. Marotta has specifically set forth to the Firm that he will not tender the retainer nor sign the Agreement.  Moreover, on more than one occasion, Mr. Marotta has contacted attorneys in the Firm and attorneys defending EMERGE, in an attempt to play the attorneys against each other and create disunity and disharmony on the defense team.  As a result the relationship between the Firm and Mr. Marotta has broken down.

## A. MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C. MUST BE PERMITTED TO WITHDRAW AS COUNSEL

### 1. An Attorney May Withdraw from Representation Where the Client Has Failed to Fulfill an Obligation Regarding the Lawyer's Services

Under Pennsylvania law, a client may terminate the relationship with her lawyer at any time; however, the lawyer may only withdraw from the representation "for reasonable cause and upon reasonable notice." Novinger v. E.I. DuPont De Nemours & Co., Inc., 809 F.2d 212, 218 (3d Cir. 1987) (citing Spector v. Greenstein, 85 Pa. Super. 177 (1925)). Upon a petition by an attorney to withdraw from representation of a client, the Court must assess the request pursuant to Pennsylvania Rule of Professional Conduct 1.16(b) and the Court's Local Rule of Civil Procedure 5.1(c). Taylor v. Stewart, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998). The Pennsylvania Rules of Professional Conduct are applicable in this Court pursuant to Local Rule of Civil Procedure 83.6 (Rule IV). According to Local Rule 5.1(c), a court must weigh four factors in deciding whether withdrawal is appropriate:

> (1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action. Id.

The question of whether an attorney should be permitted to withdraw her appearance is within the discretion of the Trial Court. Bayges v. Southeastern Pennsylvania Transp. Auth., 887, F.Supp. 108, 110 (E.D. Pa. 1995). Counsel may seek to withdrawal from representation for a variety of reasons, from ethical to financial. See eg. Commonwealth v. Ford, 715 A.2d 1141, 1145 (Pa. Super. 1998).

The Pennsylvania Rules of Professional Conduct specifically provide that a lawyer may withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and the representation will result in an unreasonable

financial burden on the lawyer or has been rendered unreasonably difficult by the client." See Pa. R. Prof. Conduct, 1.16(b)(5) and (6). Comment [8] to Rule 1.16 provides that "a lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as agreement concerning fees…." Moreover, federal and state courts in Pennsylvania have held that failure or refusal of a client to pay the proper attorneys' fees or expenses after being reasonably requested to do so provides grounds for the withdrawal under Rule 1.16. *See*, Taylor v. Stewart, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998).

In the instant case, the Firm has been in contact with Mr. Marotta since October, in an effort to have him sign the Fee Agreement and tender the retainer. The Firm, through its manager partner Attorney Doherty met with Mr. Marotta and made changes and revisions in accordance with this input to the Fee Agreement. As such, Mr. Marotta is well aware of the terms and obligations set forth in the Fee Agreement. On October 31, 2012 Attorney Doherty sent a letter to Defendant Marotta to memorialize the agreement that once Monitor's policy was exhausted EMERGE Medical, Inc. would be responsible for satisfying the legal fees of Defendant Marotta and Defendant Marotta as CEO of EMERGE Medical, Inc. was to authorize this agreement. Included in the letter dated October 31, 2012 was a request to provide an agreed upon retainer against which fees would be billed on or about December 1, 2012. Several requests have been made to Mr. Marotta for an executed Fee Agreement. Per Mr. Marotta's request, several revisions were made to the initial proposed Agreement. Despite numerous e-mails regarding the legal services and Fee Agreement, its specific wording and intent, the Firm believed Mr. Marotta was going to execute the Agreement and pay the retainer and he never indicated he would not. When finally pressed after the first of this year to respond, Mr. Marotta both delayed communicating and when urgently pressed to give Moving Counsels the basis for

delay, disclosed he had no intention of paying the requested Retainer Fee or signing a Fee Agreement.  Thus, in culmination of a series of e-mail exchanges on January 18, 2013 between Mr. Marotta, Attorney Doherty and other attorneys at Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Mr. Marotta specifically indicated for the first time that he would not sign the Fee Agreement and he would not tender the retainer fee to the Firm.  As of this date Monitor's policy has been exhausted and Defendant Marotta has not responded to Movants' letter and EMERGE Medical, Inc. has yet pay the retainer or any legal fees incurred on Defendant Marotta's behalf.

Although Mr. Marotta also stated that "we" would pay the Firm's bills, that undertaking seems highly unlikely to be fulfilled in light of the subsequent communications from Mr. Marotta  after he indicated he would not sign the Fee Agreement.  In light of the position Mr. Marotta is taking with regard to the Fee Agreement and retainer and further the extensive work which remains to prepare Mr. Marotta's defense for trial, the Firm would be taking on an unreasonable financial burden if forced to continue as Mr. Marotta's counsel.

>   **2.    An Attorney May Withdraw from Representation Where, as Here, the Relationship Between the Client and the Counsel has Broken Down**

Under the Rules of Professional Conduct, an attorney may withdraw, where other good cause exists.  *See e.g*. Wolgin v. Smith, 1996 U.S. Dist. LEXIS 12437.

Mere differences of opinion between an attorney  and the client are not compelling reasons for withdrawal. Hargrove v. City of Philadelphia, 1995 U.S. Dist. LEXIS 13489, 1995 WL 550441, at *1 (E.D.Pa. Sept. 15, 1995). **However, the "development of an antagonistic relationship between lawyer and client is good cause for withdrawal**." See Wolgin, 1996 U.S. Dist. LEXIS 12437, 1996 WL 482943, at *4 (emphasis added) (citing the ABA/BNA Lawyers' Manual on Profession Conduct, 31:1105-06). "Justice will not be served in this

contested litigation by forcing the continuation of a lawyer/client relationship characterized by hostility and acrimony." Id.  Moreover, an attorney has complied with Rule 1.16(b) and will not be found to have violated his obligations to his client where he has "conscientiously represented his client" and neither leaves the client without time to prepare the case for trial nor without the ability to obtain new counsel to prepare for trial. *See* Commonwealth v. Roman, 379 Pa. Super. 331, 549 A.2d 1320, 1321 (Pa. Super. Ct. 1988).

In the instant case, the Firm's efforts to secure a Fee Agreement and a retainer from Mr. Marotta and the ensuing contentious communications over Mr. Marrota's failure to agree to execute the Fee Agreement and tender the retainer has created a breakdown between the Firm and Mr. Marotta.  Moreover, it appears Mr. Marotta has separately contacted attorneys from the Firm and attorneys defending EMERGE in an effort to play the attorneys against each other in an effort to gain support for his position on how the case should be handled.  This has created disunity among the defense team and further created more challenges for the attorneys trying to develop a strategy for the defense.  As a result of Defendant Marotta's refusal to respond and sign the Fee Agreement letter and pay the agreed upon retainer, Moving Counsels and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. will face significant challenges in developing/moving forward with the case and working on Mr. Marotta's defense as a united team without conflicting interests.  By e-mail to David P. Helwig dated January 28, 2013, Mr. Marotta stated that he had not heard from Mr. Helwig or the Firm "in weeks".  Mr. Marotta's assertion was completely erroneous.  By e-mail to David P. Helwig dated February 7, 2013, Mr. Marotta questioned the adequacy and timeliness of the Firm's representation and threatened to take alleged conduct of the Firm, including the two attorneys who have appeared on his behalf, "to the appropriate boards."  This divisive conduct has continued to the present and created a

breakdown in the relationship between the Firm and Mr. Marotta.  As such, under the Rules of Professional Conduct, withdrawal by the Firm is warranted.

**III. CONCLUSION**

The Firm cannot risk the substantial financial burden which will be caused by Mr. Marotta's failure to execute a Fee Agreement and tender a retainer.  Moreover, the breakdown in the relationship is such that the Firm can no longer defend Mr. Marotta.  Consequently, for all the foregoing reasons, Moving Counsel, David P. Helwig, Esquire, Benjamin J. Tursi, Esquire and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., respectfully request that this Honorable Court grant the relief sought by Moving Counsels and the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.

Respectfully submitted,

 /s/  David P. Helwig
David P. Helwig, Esquire
PA I.D. #26404

 /s/  Benjamin J. Tursi
Benjamin J. Tursi, Esquire
PA I.D. #206999
**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
2600 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219
Phone:  412-391-6171
Fax:  412-391-8804
dhelwig@moodklaw.com
btursi@moodklaw.com

Dated:  February 8, 2013

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES INC.; SYNTHES USA HQ, INC.; SYNTHES USA, LLC; SYNTHES USA SALES, LLC; SYNTHES USA PRODUCTS, LLC,<br><br>　　　　Plaintiffs<br><br>v.<br><br>JOHN P. MAROTTA and EMERGE MEDICAL, INC.,<br><br>　　　　Defendants. | Civil Action No.:  2:11-cv-01566-RB |

## **VERIFICATION**

I, David P. Helwig, verify that the foregoing is true and correct to the best of my knowledge, information and belief.  I, David P. Helwig, understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

　　　　　　　　　　　　　　　　　　　　　　 /s/  David P. Helwig
　　　　　　　　　　　　　　　　　　　　　　David P. Helwig, Esquire

{PH622292.1}

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES INC.; SYNTHES USA HQ, INC.; SYNTHES USA, LLC; SYNTHES USA SALES, LLC; SYNTHES USA PRODUCTS, LLC,<br><br>   Plaintiffs<br><br>v.<br><br>JOHN P. MAROTTA and EMERGE MEDICAL, INC.,<br><br>   Defendants. | Civil Action No.:  2:11-cv-01566-RB |

## VERIFICATION

I, Benjamin J. Tursi, verify that the foregoing is true and correct to the best of my knowledge, information and belief.  I, Benjamin J. Tursi understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

       /s/  Benjamin J. Tursi
Benjamin J. Tursi, Esquire
PA I.D. #206999

## **CERTIFICATE OF SERVICE**

This is to certify that on this 8th day of February, 2013, the foregoing document was electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of record.   This document was filed electronically and is available for viewing and downloading from the ECF system.

                              Respectfully submitted,

                         /s/  David P. Helwig
                            David P. Helwig, Esquire
                            PA I.D. #26404

                         /s/  Benjamin J. Tursi
                            Benjamin J. Tursi, Esquire
                            PA I.D. #206999
                            **MARKS, O'NEILL, O'BRIEN,**
                            **DOHERTY & KELLY, P.C.**
                            2600 Gulf Tower, 707 Grant Street
                            Pittsburgh, PA 15219
                            Phone:  412-391-6171
                            Fax:  412-391-8804
                            dhelwig@moodklaw.com
                            btursi@moodklaw.com

Dated:  February 8, 2013

{PH622292.1}